UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Jackson Mahaffy; Flora Mahaffy; Daniel Nelson; and Paul Von Arx,

        Plaintiffs,

v.

Robert J. Kroll, Wallace M. Krueger, Christopher J. Bennett, Aaron C. Hanson all acting in their individual capacities as Minneapolis Police Officers John Does Nos. 1-8, acting in their individual capacities as Minneapolis Police Officers, and the City of Minneapolis,

        Defendants.

Case File No.: 08-4992 (JMR/SRN)

**MEMORANDUM OF DEFENDANTS KROLL AND KRUEGER IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

---

## INTRODUCTION

Defendant Robert J. Kroll (Kroll) and Defendant Wallace M. Krueger (Krueger) are employed as police officers by Defendant City of Minneapolis (City). They are represented by separate counsel in this action. They support, however, the position of the City and the other defendants in opposition to Plaintiffs' Motion to Amend their Complaint as set forth in the City's motion papers. Document 28. As the City stated: "Plaintiffs seek to add each and every officer who may have briefly appeared at the scene regardless of their involvement." Document 28, City's Memorandum, pg. 4. There is no basis for

1

Plaintiffs to do so. Therefore, Kroll and Krueger join with the City and other defendants and respectfully request that the Plaintiffs' Motion to Amend the Complaint be denied and submit this additional argument.

## ARGUMENT

Leave to amend a pleading is freely given "when justice so requires." Fed. R. Civ. P. 15 (a). The decision whether to grant leave to amend the pleadings is committed to the sound discretion of the district court. *See, e.g., Bell v. Allstate Life ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998). Denial of a motion to amend is appropriate if the amendment would be futile. *Becker v. Univ. of Neb.,* 191 F.3d 904, 907-908 (8th Cir. 1999). In this case, Plaintiffs' amendment would be futile especially with respect to Count Three, the conspiracy claim.

In their Amended Complaint, Plaintiffs allege that each of the individual officers, Kroll and Krueger included, was a "duly appointed and acting officer of the City of Minneapolis Police Department." Document 19, Amended Complaint ¶¶ 8, 9, 10, 11 and 12. Thus, they were acting as a single person in the eyes of the law. *Habhab v. Hon,* 536 F.3d 963, 969 (8th Cir. 1008). It is well settled that a government entity or corporation cannot conspire with itself. *Barstad v. Murray County,* 420 F.3d 880, 887 (8th Cir. 2005). Therefore, nothing can be accomplished by adding seven individuals, all acting in their individual capacities as police officers, to this claim. *See id.*

Moreover, while alleging a civil conspiracy is generally easy (*see Mahaney v. Warren County,* 206 F3d. 770, 772 (8th Cir. 2000)), Plaintiffs have not even

sufficiently alleged a claim for conspiracy under Section 1983 in their Amended Complaint. *See* Document 19, Amended Complaint, p. 15. They have not alleged: 1) that a single plan existed; 2) that the alleged conspirators shared in the general conspiratorial objective; 3) that an overt act was committed in furtherance of the conspiracy; and 4) that each of the Plaintiffs was injured in some way by the conspiracy. *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989). As, the City amply demonstrated in its memorandum to this court (Document 28, City's Memorandum p. 9-11), Plaintiffs had no facts to support their initial conspiracy allegations thus making it impossible for them to even properly plead this claim. And, they have done nothing to cure this defect in their Amended Complaint.

## CONCLUSION

In addition to the above, adding seven new defendants to this action will create additional expenses for Defendants Kroll and Krueger who will be responsible for paying for their own defense in this action and may unnecessarily prolong this litigation. The court will not abuse its discretion by denying Plaintiffs' Motion to Amend the Complaint.

Based on these arguments as well as the arguments set forth by the City in its brief to this court, Kroll and Krueger respectfully request that the court deny Plaintiffs' Motion to Amend the Complaint and deny Plaintiffs' request to add seven officers as named defendants.

.

*Signature page follows.*

Date:  April 6, 2009				RICE, MICHELS & WALTHER

						s/ Karin E. Peterson
						Karin E. Peterson (#185048)
						Ann E. Walther (#21369X)
						10 Second St. N.E., Suite 206
						Minneapolis, MN 55412
						(612) 676-2300

						ATTORNEYS FOR DEFENDANTS
						KROLL AND KRUEGER.