## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jackson Mahaffy; Flora
Mahaffy; Daniel Nelson;
and Paul Von Arx,

**Case File No. 08-CV-4992 JMR/SRN**

**Plaintiffs,**

vs.

Robert Kroll; Wallace Krueger;
Christopher Bennett; Aaron
Hanson; Christopher Bishop; David
Campbell; Toddrick Kurth; Brandon
Kitzerow and City of Minneapolis,

**AFFIDAVIT OF SHARON LUBINSKI
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT BY
DEFENDANTS BENNETT, HANSON,
BISHOP, CAMPBELL, KURTH,
KITZEROW AND CITY OF
MINNEAPOLIS**

**Defendants.**

STATE OF MINNESOTA )
                    )SS
COUNTY OF HENNEPIN )

Your Affiant, being first duly sworn on oath, deposes and states as follows:

1.      She has been employed by the Minneapolis Police Department as a sworn

officer since February 23, 1987.

2.      She was promoted to the position of Deputy Chief in July of 2003.

3.      In May of 2004, she held the position of Deputy Chief of Patrol.

4.      In April of 2006, she was promoted to the position of Assistant Chief in the

Minneapolis Police Department.

5.      She is familiar with all Minneapolis Police Department policies and

procedures generally.

6.　　Specifically, she is familiar with the Minneapolis Police Department policy and procedure regarding situations in which Minneapolis police officers who are off-duty are involved in incidents occurring with the Minneapolis city limits.

7.　　She is familiar with the incident which is the subject of this lawsuit.

8.　　Defendants Krueger and Kroll were present at a location within the 2nd Precinct of the Minneapolis Police Department on May 14, 2004.

9.　　Defendants Krueger and Kroll were off-duty and were involved in an altercation with civilians, including the Plaintiffs in this action.

10.　　On-duty uniformed officers arrived at the scene in response to 911 calls.

11.　　Responding officers arrested Jackson Mahaffy.

12.　　Responding officers did not arrest Defendants Krueger and Kroll.

13.　　The procedure of the Minneapolis Police Department in such cases involving off-duty officers is that a supervisory officer reports the incident through the chain of command to the Minneapolis Police Department Internal Affairs Unit which determines whether an investigation is appropriate.

14.　　In this case, Lieutenant Rugel, as the Watch Commander, was a supervisor of the responding officers at the scene on May 14, 2004.

15.　　Lieutenant Rugel reported the incident to Affiant, who held the position of Deputy Chief of Patrol.

16.　　As Deputy Chief of Patrol, Affiant was ultimately responsible for the actions of patrol officers citywide.

17.     Affiant referred this matter to the Minneapolis Police Department Internal Affairs Unit for investigation.

18.     The investigation into the matter was handled by Sergeant John Swenson, who was then assigned to the Internal Affairs Unit.

19.     The Minneapolis Police Chief Tim Dolan imposed discipline on Kroll and Krueger because of their actions at the incident on May 14, 2004.

Further Affiant sayeth naught.


Subscribed and sworn to                              s/Sharon J. Lubinski
before me this   7  day
of January  , 2010.

s/Nina Doree
Notary Public
My Commission expires: